JAMES A. SAVILLE, JR. (JS-4835)
KIPP C. LELAND (KL-0932)
**HILL RIVKINS & HAYDEN LLP**
Attorneys for Defendant
Eurograni S.r.l.

45 Broadway – Suite 1500
New York, New York 10006
(212) 669-0600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| PANCOAST TRADING S.A., : | |
| : | Docket No.: 1:07-cv-8581(GEL) |
| Plaintiff, : | |
| : | |
| -against- : | |
| : | |
| EUROGRANI S.r.l. : | |
| : | |
| Defendant. : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## DEFENDANT'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION FOR COUNTER-SECURITY

Defendant Eurograni S.r.l. respectfully submits this memorandum of law in support of its motion for counter-security pursuant to Rule E(7)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule E").

## INTRODUCTION

The underlying dispute between the parties arises out of the carriage of wheat from Quebec to Sfax, Tunisia onboard the M/V VERTIGO, a vessel owned by Pancoast Trading S.A., and chartered by Eurograni S.r.l. on the NYPE form charter party. *See Affirmation of Massimo Barranco* dated December 11, 2007, at ¶2, attached as Exhibit 1 to Saville Affirmation. In short,

due to circumstances encountered at the loadport, certain disputes have arisen between the parties. *Id.* There is no question that these disputes are subject to London arbitration and both Pancoast and Eurograni have appointed solicitors to represent their respective interests. Pancoast claims damages in the amount of USD$303,606.92 and Eurograni asserts a claim in the amount of USD$325,185.15. Eurograni's damages are calculated as follows:

| | |
|---|---|
| Expenses at Loadport<br>(a) Pilotage<br>(b) Mooring/Unmooring<br>(c) Docking/Undocking<br>(d) Harbor Dues<br>(e) Security Dues<br>(f) Cargo Securing<br>(g) Overtime-Stevedoring, Surveyor, Elevator | USD$ 82,309.15 |
| Survey Fees | USD$ 3,210.64 |
| Unlashing at Discharge Port: | USD$ 2,499.84 |
| Fender Damage at Discharge Port | USD$ 5,352.34 |
| Loss Earnings on Cargo not loaded | USD$ 10,000.00 |
| Contractual Penalty as result of late delivery | USD$ 69,431.13 |
| Despatch: | <u>USD$   7,115.00</u><br>USD$179,918.10 |
| Interest (3yrs @6.5%): | <u>USD$ 35,084.02</u><br>USD$215,002.12 |
| Attorneys' Fees (estimated): | USD$ 70,000.00 |
| Arbitration costs (estimated): | <u>USD$ 40,000.00</u><br>**USD$325,185.15**[1] |

*See* Barranco Aff., at ¶3, Ex. A.

---

[1] The rate and term of interest, the estimated attorneys' fees and estimated arbitration costs are all consistent with the amounts claimed by plaintiff in its *ex parte* application to the Court.

On October 3, 2007, Plaintiff filed its Verified Complaint seeking to attach defendant's property in the amount $303,606.92 pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. The Court signed an *Ex Parte* Order for Process of Maritime Attachment that same day and on October 9, 2007, plaintiff attached $303,606.92.

As both Pancoast's claim against Eurograni and Eurograni's claim against arise out of the same charter party, i.e., a maritime claim, Eurograni does not seek to vacate Pancoast's attachment. Rather, Eurograni seeks counter-security from Pancoast pursuant to Rule E. Consistent with the purposes of Rule E and to ensure that each party is on equal footing, Eurograni seeks counter-security in the same form as the security already obtained by plaintiff, i.e., cash, to be deposited to a joint escrow account, the terms of which are to be agreed between the parties.

## ARGUMENT

### DEFENDANT IS ENTITLED TO CASH COUNTERSECURITY

Rule E provides, in relevant part::

> **(7)  Security on Counterclaim**
> (a) When a person who has given security for damages in the original action asserts a counterclaim that arises from the transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security has been given must give security for damages demanded in the counterclaim unless the court, for cause shown, directs otherwise

The language of Rule E(7) directing that security be granted "unless the court for cause shown, directs otherwise" makes it clear that the court possesses broad discretion in deciding whether to order counter-security. *North Offshore AS v. Rolv Berg Drive AS*, 2007 WL 4233014

(S.D.N.Y. Nov. 29, 2007) *citing Result Shipping Co. v. Feruzzi Trading USA, Inc.*, 56 F.3d 394, 399 (2d Cir. 1995). In exercising that discretion, the court considers several factors but:

> the core purpose of the countersecurity rule is to place the parties on an even footing; if one party is deprived of the use of its property during the litigation but the adverse party is not, despite the pendency of reciprocal claims, the party with the security may have unfair leverage in the action.

*Finecom Shipping Ltd. v. Multi Trade Enters. AG*, 2005 WL 2838611, at *1-2 (S.D.N.Y. Oct. 24, 2005); *Result Shipping Co. Ltd.*, 56 F.3d at 399-400 ("the purpose of Rule E(7) is to 'place the parties on an equality as regards security'"). The Court's sense of fairness and equality assist in this exercise of discretion. *Fednav Int'l Ltd. v. Sunwoo Merchant Marine*, 2007 WL 3051669 at *2 (S.D.N.Y. Oct. 18, 2007) (ordering plaintiff to post counter-security for counterclaim plus estimated attorneys' fees and costs). Once a court is satisfied the claim is non-frivolous it need not probe deeply into the strength of the counterclaim to grant counter-security. *See Rice Co. v. Express Sea Transport Corp.*, 2007 WL 4142774, at *4 (S.D.N.Y. Nov. 15, 2007).

Consistent with the core purpose of Rule E(7), defendant respectfully submits that the circumstances of this case strongly militate in favor of this Court exercising its broad and equitable discretion in favor of Eurograni and ordering Pancoast to post cash counter-security in the full amount of Eurograni's claim. First, there is no question that Eurograni's claim is non-frivolous and arises of the same transaction or occurrence. Further, an order directing Pancoast to post counter-security will ensure that both Eurograni and Pancoast are on equal footing in connection with the London arbitration. Equally important is that Pancoast be ordered to post counter-security by way of a cash deposit into a joint escrow account. If the Court were to allow Pancoast to post counter-security in a form other than cash, i.e., a bank guarantee (at little cost to Pancoast) or a P&I Club Letter of Undertaking (at no cost), the core purpose of Rule E would be defeated, that is, the parties would not be on equal footing. Instead of both parties being "out" the

cash –and, therefore, on equal footing- Eurograni would be the only party deprived of its cash; Pancoast would not be under similar pressure. Under such circumstances, notwithstanding the strength of Eurograni's claim, Pancoast would yield considerable (and unfair) leverage in London. Such a result is inequitable, unjust and counter to the very purpose of Rule E. Accordingly, Eurograni respectfully submits that Pancoast must be ordered to post cash counter-security.

## CONCLUSION

For the reasons set forth herein, defendant respectfully submits that plaintiff should be ordered to post cash counter-security in the amount $325,185.18.

Dated: New York, New York
       December 11, 2007

                        HILL RIVKINS & HAYDEN LLP
                        Attorneys for Defendant
                        Eurograni S.r.l.

By: _____
     James A. Saville, Jr. (JS-4835)
     Kipp C. Leland (KL-0932)
     45 Broadway – Suite 1500
     New York, New York 10006
     (212) 669-0600

TO:
Claurisse Campanale Orozco, Esq.
Thomas L. Tisdale
Tisdale Law Offices LLC
11 West 42nd Street