UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
PANCOAST TRADING S.A.                          :

                Plaintiff,                    :
                                                              07 CV 8581 (GEL)
   - against -                            :           ECF CASE

EUROGRANI S.r.l.,                              :

                Defendant.                    :
------------------------------------------------------X

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR COUNTER-SECURITY

Plaintiff Pancoast Trading S.A. ("Pancoast") respectfully responds to Defendant Eurograni's motion for countersecurity. Plaintiff does not dispute that Defendant is entitled to counter-security, but disputes the type of security that is required and the amount of security being sought. For the reasons set forth below, Plaintiff submits that it should be allowed to post a Letter of Undertaking as countersecurity for Defendant's alleged counterclaim, and that the amount of security should be limited to USD$303,606.92, which is the amount of Plaintiff's secured claim against Defendant.

### FACTS AND PROCEDURAL BACKGROUND

On October 3, 2007, the Plaintiff filed its complaint seeking an Order from this Court for the issuance of a Writ of Maritime Attachment and Garnishment against the Defendant. The claim arose out of a charter party dispute, and the Defendant's failure to pay hire due and owing to the Plaintiff. On October 5, 2007, this Court signed Plaintiff's request and the Writ was issued. Funds were subsequently attached and the Plaintiff is now fully secured for its claim


against the Defendant. The dispute is subject to arbitration in London and arbitrators have been appointed for that process.

On December 7, 2007, the Defendant appeared in this action and now requests a prompt hearing seeking countersecurity for its alleged counterclaims against the Plaintiff. The Plaintiff has offered to post countersecurity in the form of a Letter of Undertaking given by the London Steam Ship Mutual Insurance Association ("Club LOU"), but that request was denied. As a result, the Defendant has filed its motion.

## DEFENDANT IS ENTITLED TO SATISFACTORY SECURITY

Rule E(7)(a) of the Supplemental Admiralty Rules entitles a defendant to seek counter security on a counter claim that arises out of the same transaction as the plaintiff's claim. *Result Shipping Co. v. Ferruzzi Trading USA Inc.*, 56 F.3d 394, 399 (2d Cir. 1995). The Courts are granted broad discretion to determine whether countersecurity should be provided. *Id.* Plaintiff does not dispute either of these points. Plaintiff disagrees, however, with the Defendant that it can insist on one form of security over another.

As long as the Plaintiff provides satisfactory countersecurity, then the Defendant will be on equal footing with the Plaintiff. Therefore, the Club LOU offered by the Plaintiff should be accepted. *See* e-mail from I. Vitta to C. Orozco d. 12.17.07, attached as Exhibit 1 to the Orozco Affidavit.

The Plaintiff initially offered to provide a Club LOU to secure the Defendant's alleged counterclaim. That offer was rejected, however, and this motion was filed. *See* Affidavit of Claurisse Campanale-Orozco ("Orozco Affidavit"); *see also* e-mail from J. Saville to C. Orozco d. 12.6.07, attached as Exhibit 2 to the Orozco Affidavit. While Rule E(7)(a)'s purpose is to place the parties on equal footing, there is no support for Defendant's argument that it is entitled

to security in the form of a cash deposit into an escrow account. By the Plaintiff providing a Club LOU to the Defendant, the parties will be on equal footing because they will each be properly secured for their claims. An LOU is a valid form of security that is often provided in maritime transactions. *See generally, In the Matter of the Complaint of Compania Naviera Marasia S.A.*, 1980 A.M.C. 388 (S.D.N.Y. March 8, 1979) (Charles S. Haight, Jr., D.J.), attached as Exhibit 3 to the Orozco Affidavit. The Defendant will be no more secured by having a cash deposit into an escrow account. Its argument that Rule E would be defeated if the Plaintiff were allowed to post another form of security is not supported. The Supplemental Admiralty Rules contemplate various forms of security. *See generally*, Supplemental Rule E(5)(a – c). The parties will be on equal footing if the Plaintiff is allowed to post counter security in a form other than a cash deposit. *See generally, Front Carriers Ltd. v. Transfield ER Cape Ltd.*, 2007 U.S. Dist. LEXIS 85177, at *14 (S.D.N.Y. Nov. 16, 2007) (plaintiff "ordered to post a bond or other satisfactory security" for defendant's counter claim); *Clipper Shipping Lines Ltd. v. Global Transporte Oceanico S.A.*, 2007 U.S. Dist. LEXIS 18827, at * 7 (S.D.N.Y. Feb. 26, 2007) (plaintiff "ordered to post a bond or other satisfactory security" for defendant's counter claim). Thus, Pancoast respectfully submits that it should be allowed to provide countersecurity in the form of a Club LOU for the benefit of Eurograni.

Finally, the amount of security sought by Eurograni should be limited to the amount of security obtained by Pancoast. Because the Court cannot confirm the strength of either party's claim at such an early stage in the litigation, the best way to ensure equality would be to require Pancoast to provide security to Eurograni for the same value that Pancoast has, which is $303,606.92. *See Finecom Shipping Ltd. v. Multi Trade Enterprises AG*, 2005 U.S. Dist. LEXIS 25761, at *5 (S.D.N.Y. Oct. 24, 2005). For these reasons, Pancoast requests that the amount of

countersecurity it must provide should be limited to the amount of security that it has attached for its claims against Eurograni.

## CONCLUSION

For the reasons set forth above, the Plaintiff respectfully requests that it be allowed to post countersecurity in the form of an LOU up to and not to exceed $303,606.92.

Dated: New York, New York
December 17, 2007

> The Plaintiff,
> PANCOAST TRADING S.A.
>
> By: _/s/ Claurisse C. Orozco_
> Claurisse Campanale-Orozco (CC/3581)
> Thomas L. Tisdale (TT 5263)
> TISDALE LAW OFFICES, LLC
> 11 West 42nd Street, Suite 900
> New York, NY 10036
> (212) 354-0025 – phone
> (212) 869-0067 – fax
> corozco@tisdale-law.com
> ttisdale@tisdale-law.com