JAMES A. SAVILLE, JR.
KIPP C. LELAND
**HILL RIVKINS & HAYDEN LLP**
Attorneys for Defendant
Eurograni S.r.l.

45 Broadway – Suite 1500
New York, New York 10006
(212) 669-0600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
PANCOAST TRADING S.A., :
　　　　　　　　　　　　　　　　　: Docket No.: 1:07-cv-8581(GEL)
　　　　　Plaintiff, :
　　　　　　　　　　　　　　　　　:
　　　-against- :
　　　　　　　　　　　　　　　　　:
EUROGRANI S.r.l. :
　　　　　　　　　　　　　　　　　:
　　　　　Defendant. :
------------------------------X

## DEFENDANT'S REPLY MEMORANDUM OF LAW
## IN SUPPORT OF MOTION FOR COUNTER-SECURITY

　　　Defendant Eurograni S.r.l. respectfully submits this Reply Memorandum of Law in support of its motion for counter-security pursuant to Rule E(7)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule E").

### INTRODUCTION

　　　Plaintiff's opposition brief concedes that Defendant's counterclaim is non-frivolous and that Defendant is entitled to counter-security. Therefore, the sole issue before this Court is the form of security that must be tendered by Plaintiff Pancoast. Pancoast erroneously argues that a Letter of Undertaking ("LOU") from Pancoast itself is leally sufficient security that must be

accepted by Eurograni as security for its counter-claim.[1] To the contrary, a Pancoast LOU cannot be considered legally sufficient security under the Rules of this Court, and under the case law interpreting Supplemental Admiralty Rule E(7), a defendant is not entitled to avoid posting actual security by merely tendering a LOU. Furthermore, the core purpose of Rule E(7) is to place the parties in a position of equality; a purpose that would be entirely frustrated were this Court to allow Plaintiff to avoid posting actual cash security. Requiring one party to post cash and another to tender a LOU does not place the parties in equal bargaining positions and, in the circumstances of this case, improperly gives Plaintiff leverage against Defendant during the pendency of this dispute. Accordingly, defendant Eurograni respectfully submits that plaintiff Pancoast must post cash countersecurity for Eurograni's counterclaims. If Pancoast is unwilling to post cash security, Eurograni respectfully requests that this Court exercise its considerable discretion and immediately vacate Pancoast's maritime attachment.

## ARGUMENT

### POINT ONE

### PANCOAST'S "IOU" IS NOT SECURITY

Incredibly, Pancoast has offered a Letter of Undertaking backed only by Pancoast itself as security for defendant's counterclaim. It is beyond cavil that such a LOU is not proper security and there is not a single case in this District in which a party has been forced to accept such an undertaking as security. In fact, the Local Civil Rules of this District provide specific and particular requirements in order for security to be accepted, requirements which a LOU from Pancoast does not satisfy. Specifically, the Local Rules require:

---

[1] In its opposition, Pancoast indicated that a London Club LOU would be offered as security. We have been informed, however, that this offer was incorrect. In fact, the only security being offered is a LOU from the plaintiff itself.

> (b) Except as otherwise provided by law, <u>every bond, undertaking or stipulation must be secured by</u>: (1) the deposit of cash or government bonds in the amount of the bond, undertaking or stipulation; or (2) the undertaking of a guaranty of a corporate surety holding a certificate of authority from the Secretary of the Treasury; or (3) the undertaking or guaranty of two individual residents of the district in which the case is pending, each of whom owns real or personal property within the district worth double the amount of the bond, undertaking or stipulation, over all his or her debts and liabilities, and over all obligations assumed by said surety on other bonds, undertakings or stipulations, and exclusive of all legal exemptions.

*Local Civil Rule* 65.1.1 (emphasis added).

A LOU from Pancoast complies with none of the above requirements and, therefore, cannot possibly comply with the mandatory requirements for security in this District. A Pancoast LOU is obviously *not* a deposit of cash or of government bonds under *Local Civil Rule* 65.1.1(b)(1). A Pancoast LOU is no better than an "IOU." Likewise, the LOU offered by Pancoast is not from a corporate surety that has a "certificate of authority from the Secretary of the Treasury" required under *Local Civil Rule* 65.1.1(b)(2). Finally, there is no evidence that Pancoast has "two individual residents" living within the Southern District of New York owning sufficient real or personal property worth over $650,000 exclusive of any debt or other liability within this District, as required by *Local Civil Rule* 65.1.1(b)(3). Therefore, Pancoast's LOU can be rejected out of hand.

While litigants before this Court at times may agree at times to accept a LOU in lieu of actual cash security, there is no authority for requiring a party to accept a LOU in lieu of actual security fulfilling the requirements of Local Civil Rule 65.1.1. In fact, there is not a single case decided by this Court that has forced a party to accept an LOU from *the plaintiff* itself as security for a claim. Further, even a LOU posted by the shipowner's insurers (a "Club LOU"), does not qualify as security under Local Civil Rule 65.1. Indeed, the last paragraph of *In the Matter of Compania Naviera Marasia S.A.*, cited by Plaintiff and appended to Ms. Orozco's Affidavit,

states that a Club LOU (in that case, a Club LOU from Brittannia, a P&I Club) *need not be accepted* by any party who appears in an action, and that:

> It is the intent of this provision that any claimant have <u>an absolute right to reject Brittannia as surety</u>, in which event this <u>ad interim</u> form of security comes automatically to an end, and plaintiff must post security in accordance with the requirements of General Rule 31 of this Court…

*In the Matter of Compania Naviera Marasia S.A.*, 1980 AMC 388, 392 (1979) (emphasis added).

General Rule 31, cited above, was the predecessor rule to the current Local Civil Rule 65.1.1, with nearly identical wording. *Id.* at. 389 (reciting the text of General Rule 31). Accordingly, the very case that Plaintiff cites in favor of mandating that defendant be forced to accept a LOU, in fact, provides that a LOU is subject to an *absolute right of rejection* in favor of actual security in accordance with the Local Rules. No showing need be made to explain the rejection, as the secured party is absolutely entitled to have Local Civil Rule 65.1.1 enforced.[2]

Moreover, none of the Supplemental Admiralty Rules cited by plaintiff - E(5)(a), E(5)(b) and E(5)(c) – support its position. In fact, these rules provide that when security is posted it must be security "approved by the Court." Rule E(5)(a) and Rule E(5)(b). Obviously Local Civil Rule 65.1.1 supplies the initial requirements for court approval of any security to be tendered by a party, absent a waiver by their adversary.

---

[2] None of the Courts in this district have set aside the requirements of Local Civil Rule 65.1. in connection with LOUs. *Front Carriers*, cited by Plaintiff, merely concludes (in the second to last sentence of its last paragraph) that "FCL is hereby ordered to post a bond or other satisfactory security in the amount of…". *Front Carriers v. Transfield ER Cape Ltd.*, 2007 WL 4115992 at *5 (S.D.N.Y. Nov. 16, 2007). Obviously the "bond or other satisfactory security" ordered by the Court is security that meets the requirements of Local Civil Rule 65.1.1. Likewise, in *Clipper Shipping* the same situation existed; the Court ordered (in the last sentence of the decision) that "Clipper is ordered to post a bond or other satisfactory security in the sum of…" *Clipper Shipping Lines Ltd. v. Global Transporte Oceanico S.A.*, 2007 WL 646329 at *3 (S.D.N.Y. Feb. 26, 2007). *Clipper Shipping* does not anywhere hold that a Club LOU is "satisfactory security", and in fact does not mention or address a Club LOU at all. *Id.* Once again, defendant submits that the standard for "satisfactory security" as ordered in *Clipper Shipping* is Local Civil Rule 65.1.1.

In sum, a LOU from Pancoast is not and can not be considered legally sufficient security under the Rules of this Court. Therefore, Eurograni respectfully requests that this Court order Pancoast to post cash security in the full amount of Eurograni's counterclaim. If a cash security is not posted, Eurograni requests that Pancoast's maritime attachment be vacated.

## POINT TWO

### A LETTER OF UNDERTAKING WILL NOT PLACE THE PARTIES IN A POSITION OF EQUALITY

Plaintiffs' opposition brief does not dispute Your Honor's holding in *Finecom Shipping*, which stated:

> ...the core purpose of the countersecurity rule is to place the parties on an even footing; if one party is deprived of the use of its property during the litigation but the adverse party is not, despite the pendency of reciprocal claims, the party with the security may have unfair leverage in the action. *Washington-Southern Nav. Co. v. Balt. & Phila. Steamboat Co.*, 263 U.S. 629, 638-39 (1924) (discussing predecessor of Rule E(7) in the 1920 admiralty rules).

*Finecom Shipping Ltd. v. Multi Trade Enters. AG*, 2005 WL 2838611, at *1 (S.D.N.Y. Oct. 24, 2005).

Currently, Plaintiff has succeeded in attaching $303,606.92 of Defendant's *cash*, and is therefore depriving Defendant of the use of its own money during the pendency of this dispute. This is cash which was being used and would have continued to have been used in financing Defendant's business operations. Defendant submits that if the parties are going to be on an equal footing, Plaintiff should also be made to post cash, so that they also are made to operate under the same financial constraint to which they have subjected Defendant. Certainly, if Plaintiff is allowed to avoid its obligation to post cash security, and is instead allowed to merely tender a Club LOU with no collateral and no restraint on any of its own cash accounts, Plaintiff

will have unfair leverage against Defendant, whose real money assets have been seized and will remain under arrest and unavailable for the duration of the dispute.

Instead of addressing the potential for inequality and unfair leverage inherent when one party's money is tied up and the other is not, Plaintiff's opposition brief puts its blinders on, and looks *only* at solvency of the security, and *entirely avoids* any look at the disproportionately light burden that a LOU would place on Plaintiff while Defendant is burdened with an entire lock-down on its cash. Plaintiff, in essence, has tendered a collateral-free "I.O.U." while Defendant's cash remains under arrest. Such circumstances, unfairly place Defendant in a weaker bargaining position, and improperly give Plaintiff leverage against Defendant during the pendency of this dispute. This type of inequality is directly counter to the "core purpose" of Rule E(7), which is to place the parties "on an even footing" and prevent one party from gaining "unfair leverage in the action". *Id.*

Finally, there is no support for plaintiff's suggestion that Eurograni's security be reduced to the amount that plaintiff itself has claimed. Neither the case law nor Rule E requires a defendant to accept anything less than 100% of its claim and 100% of the security to which it is entitled.

## **CONCLUSION**

For the reasons set forth herein, defendant respectfully submits that plaintiff should be ordered to post cash counter-security in the amount $325,185.18. If Pancoast is unwilling to post cash counter-security, Eurograni requests that this Court forthwith vacate Pancoast's maritime attachment against Eurograni.

Dated: New York, New York
       December 19, 2007

                          HILL RIVKINS & HAYDEN LLP
                          Attorneys for Defendant
                          Eurograni S.r.l.

By: _____
       James A. Saville, Jr. (JS-4835)
       Kipp C. Leland (KL-0932)
       45 Broadway – Suite 1500
       New York, New York 10006
       (212) 669-0600

TO:
Claurisse Campanale Orozco, Esq.
Thomas L. Tisdale
Tisdale Law Offices LLC
11 West 42nd Street
Suite 900
New York, New York 10036