UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                        :

PANCOAST TRADING S.A.,                :
                        :
            Plaintiff,      :
                        :         07 Civ. 8581 (GEL)
    -against-               :
                        :      **OPINION AND ORDER**
EUROGRANI S.r.l.,              :
                        :
            Defendant.    :
                        :
------------------------------------------------------------x

Claurisse Campanale-Orozco and Thomas L.
Tisdale, Tisdale Law Offices, LLC, New York, NY,
for plaintiff.

Kipp C. Leland and James A. Saville, Jr., Hill
Rivkins & Hayden LLP, New York, NY, for
defendant.

GERARD E. LYNCH, District Judge:

      In this maritime action, the Court entered an order granting a maritime attachment

pursuant to Rule B, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture

Actions, Fed. R. Civ. P., at the request of plaintiff Pancoast Trading S.A.  The parties are

currently preparing for (or are already involved in) arbitration proceedings in London.

Defendant Eurograni S.r.l. now seeks countersecurity pursuant to Rule E(7)(a) of the same rules

for the counterclaim that it intends to raise against Pancoast in the London arbitration.  The

motion will be granted in part.

      Pancoast concedes that under the rule, Eurograni is indeed entitled to countersecurity.

(P. Opp. 2.)  The dispute concerns the nature and amount of the countersecurity to be awarded.

Pancoast has proffered a Letter of Undertaking ("LOU") as countersecurity, arguing that such a

letter should be sufficient, and also argues that the countersecurity should be limited to the

amount that it has attached in support of its own claim, not the amount of Eurograni's

counterclaim, which is slightly larger.  (Id. at 2-3.)  Eurograni responds that the LOU is

insufficient, constituting no more than an "IOU" backed only by Pancoast's promise to pay (D.

Reply 3), and that it should be awarded countersecurity in cash, since that is the nature of the

security obtained by Pancoast pursuant to its attachment, (id. at 5).  It also argues that it is

entitled to full security for its counterclaim.  (Id. at 6.)

> Rule E(7)(a) provides that:

> > When a person who has given security for damages in the original
> > action asserts a counterclaim that arises from the transaction or
> > occurrence that is the subject of the original action, a plaintiff for
> > whose benefit the security has been given must give security for
> > damages demanded in the counterclaim unless the court[,] for
> > cause shown, directs otherwise.

The text of the rule itself largely disposes of one of Pancoast's objections.  The rule provides that

the plaintiff must give security "for damages demanded in the counterclaim," and does not limit

the countersecurity to the amount of the security provided by the defendant to secure the

plaintiff's claim.  While the authorization to the court to "direct[ ] otherwise" "for cause shown"

confers substantial discretion on the court, see North Offshore AS v. Rolv Berg Drive AS, No.

07 Civ. 3095, 2007 WL 4233014, at *2 (S.D.N.Y. Nov. 29, 2007), Pancoast suggests no

persuasive reason to depart from the rule's general admonition.  Ordinarily, and in this case (so

far as can be determined on the record before the Court), the limitation suggested by Pancoast

would make no sense.  The rule seeks to provide security of recovery against the event of a

successful claim, as a substitute for the actual seizure of vessels, which otherwise would be the

only means to secure an eventual judgment in the far-flung and highly mobile world of maritime

commerce.  Had Eurograni filed first, it would surely have been entitled to a Rule B attachment

fully securing its claim.  A party with a small claim should not be enabled to defeat full security

for a counterparty's larger claim simply by winning the race to the courthouse.

Rule E(7)(a) does not itself speak to the nature of the countersecurity to be awarded,

however.  In the absence of governing language, Pancoast suggests that its preferred LOU is

sufficient, while Eurograni argues that it is entitled to security in the form of cash posted to an

escrow account, since that is the nature of the security now held by Pancoast for its claim, as a

result of the attachment it obtained.  Neither party's position is persuasive.

It is clear that the LOU is not sufficient.  As Eurograni points out, such an undertaking

provides no real guarantee of payment, consisting simply of a promise to pay.  The Local Rules

of this District in provide a firm guideline for what constitutes adequate security.  Local Rule

65.1.1(b) provides:

> Except as otherwise provided by law, every bond, undertaking or
> stipulation must be secured by: (1) the deposit of cash or
> government bonds in the amount of the bond, undertaking or
> stipulation; or (2) the undertaking or guaranty of a corporate surety
> holding a certificate of authority from the Secretary of the
> Treasury; or (3) the undertaking or guaranty of two individual
> residents of the district in which the case is pending, each of whom
> owns real or personal property within the district worth double the
> amount of the bond, undertaking or stipulation, over all his or her
> debts and liabilities, and over all obligations assumed by said
> surety on other bonds, undertakings or stipulations, and exclusive
> of all legal exemptions.

Pancoast provides no persuasive reason – and indeed no reason at all – why security in the form

demanded by the rule is not appropriate in this case.  Whether such an LOU is, as Pancoast

contends, often accepted by litigants in maritime cases is immaterial.  Pancoast has cited no case,

and the Court has found none, in which such security has been ordered or ruled sufficient by a

court where it is not accepted by the opposing party. Local Rule 65.1.1(b) identifies the kinds of undertakings, guarantees or deposits that constitute adequate security where security is required.

The Court also rejects Eurograni's suggestion that only one of the alternatives specified by the rule – a cash deposit – is acceptable under the circumstances of this case. As Eurograni correctly notes, in exercising the discretion provided by Rule E(7)(a), courts should be guided by "the core purpose of the countersecurity rule," which is "to place the parties on an even footing." Finecom Shipping v. Multi Trade Enters. AG, No. 05 Civ. 6695, 2005 WL 2838611, at *1 (S.D.N.Y. Oct. 24, 2005), citing Wash.-S. Nav. Co. v. Balt. & Phila. Steamboat Co., 263 U.S. 629, 638-39 (1924). Eurograni argues that since Pancoast holds $303,606.92 of Eurograni's cash, as a result of the attachment, any form of security for the counterclaim short of an actual cash deposit would give Pancoast "unfair leverage in the action," Finecom Shipping, 2005 WL 2838611, at *1, in violation of this principle.

But the rule's effort "to place the parties on an even footing" by giving each party in a case with claims and counterclaims equivalent security cannot be pressed so far. It is not the Court's obligation to attempt to balance the bargaining positions of the parties. Such a calibration would in any event be impossible. Even putting aside all the other factors that bear on the respective strengths of parties attempting to settle a dispute, and focusing solely on the question of security, a wealthy party may be better able to afford a cash deposit than a poorer opponent is able to afford the expense of a surety bond. Courts have little ability or warrant to attempt to assess the relative bargaining advantages of parties in litigation. The point of the rule is to make sure that when parties to the same transaction assert claims against each other arising from that transaction, the parties should both be fully secured, where possible, and neither should

4

have the additional leverage of holding security, while the other must wonder if a judgment in its favor would ever be paid. Nothing further is required by the rule.

Accordingly, it is hereby ORDERED that Pancoast provide Eurograni countersecurity, in the amount of $325,185.15, in a form compliant with Local Rule 65.1.1, on or before February 5, 2008.

SO ORDERED.

Dated: New York, New York
      January 22, 2007

                                        GERARD E. LYNCH
                                        United States District Judge

5